IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARLO CORDOVA,<br>    *Plaintiff,*<br><br>v.<br><br>ROY PADILLA, Individually & in his Representative Capacity as Chief of Police for the DONNA INDEPENDENT SCHOOL DISTRICT, ELOY INFANTE, Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, ELPIDIO YANEZ, Jr., Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, ALBERTO SANDOVAL, Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, DAVID DE LOS RIOS Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, ALICIA TAMEZ, the DONNA INDEPENDENT SCHOOL DISTRICT, And all Unknown Co-Conspirators<br>    *Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§ | CASE NO: 7:17-CV-14<br><br>**JURY DEMANDED** |

## CARLO CORDOVA'S ORIGINAL COMPLAINT

### INTRODUCTION

COMES NOW, Plaintiff, by and through counsel, and in support of his claims against the above named and unnamed Defendants respectfully states:

### NATURE OF THE ACTION

1. This is a civil rights lawsuit brought by the Plaintiff, Carlo Cordova, a victim of false arrest by the DONNA INDEPENDENT SCHOOL DISTRICT Chief of Police. Pursuant to 42 USC

1983 and 42 USC 1988 compensatory and punitive damages are sought against the police officer(s) and Defendants listed above involved in the charges made by the Defendant Chief of Police of the DONNA INDEPENDENT SCHOOL DISTRICT. Charges and Damages are also sought against all other members of the DONNA INDEPENDENT SCHOOL DISTRICT who were co-conspirators in seeking the arrest on false charges against Plaintiff. Plaintiff also seeks Charges and Damages against several unknown Co-Conspirators.

## PARTIES

2. Plaintiff, Carlo Cordova, resides in Hidalgo County, Texas and can be contacted through counsel. Carlo Cordova at all times was a member of the Donna Independent School District Board of Trustees.

3. Defendant Roy Padilla, Individually & in his Representative Capacity as Chief of Police for the DONNA INDEPENDENT SCHOOL DISTRICT, is an individual who may be served at: 4219 North Victoria Road, Donna Texas 78537.

4. Defendant Eloy Infante, Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, is an individual who may be served with process at: Big Spring FCI Prison, Inmate # 99632-379; 1900 Simler Drive, Big Springs, Texas 79720.

5. Defendant Elpidio Yanez, Jr., Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, is an individual who may be served with process at: Oakdale II - FCI Prison, Inmate # 99629-379, 2105 East Whatley Road Oakdale, LA 71463.

6. Defendant Alberto Sandoval, Individually & in his Representative Capacity as a Board

Member for the DONNA INDEPENDENT SCHOOL DISTRICT, is an individual who may be served at: 2301 North FM493, Donna, Texas 78537.

7. Defendant David De Los Rios, Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, is an individual who may be served at 217 South 12th Street, Donna, Texas 78537.

8. Defendant Donna Independent School District may be served by serving its superintendent, Fernando Castillo at 904 Hester Ave. Donna, Texas 78537.

9. Defendant Alicia Tamez is an individual who may be served at: 409 Casiano Street, Donna Texas 78537.

## JURISDICTION & VENUE

10. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343.

11. Venue is proper under 28 U.S.C. section 1391 in that the Defendants and Plaintiff reside and the cause of action arises in Hidalgo County, Texas which is within the venue of the Souther District of Texas, McAllen Division.

## FACTS

12. Plaintiff Carlo Cordova graduated in December, 2011 from the Texas A&M International School in Laredo. He started working as a teacher in January, 2012 at the Donna High School as a criminal justice teacher. Prior to this incident he had no criminal record of any kind.

13. In 2014, Defendant David De Los Rios asked Mr. Cordova's father if he could borrow the billboard next to his place of business to put up an advertisement for the candidacy of

Alberto Sandoval and others for the Donna ISD school board. Mr. Cordova' father told him no because another candidate was already using it. Mr. De Los Rios told him in Spanish "you already started out wrong, you made a big mistake, you're going to see."

14. In November, 2014 after the election, Defendant David De Los Rios started telling Mr. Cordova's father that his son was going to be arrested and that there was going to be an allegation against his son. Mr. De Los Rios said that even though there's really not any evidence, its still going to smear his name and ruin his reputation.

15. One of the first things Defendant Sandoval did after the school board election was to reinstate previously fired Defendant Padilla as Chief of Police of the school. One of the first things Mr. Padilla did after he was reinstated was arrest Mr. Cordova's son even though Mr. Padilla knew there was no credible evidence whatsoever to make the arrest. This arrest took place on January 16, 2015.

16. The grand jury later no-billed Mr. Cordova clearing him of the false charges, but the damage had already been done. Mr. Cordova's name was splashed all over the news as someone who allegedly had sex with an 18 year old student while he was a teacher. These allegations were completely false and Defendants knew that they were false.

17. Simply by way of example, the student claimed she had sex with Mr. Cordova in the closet of his classroom. Given that there is no closet in Mr. Cordova's classroom, the student's story is ridiculous on its face.

18. The student later admitted to a friend that she never had sex with Mr. Cordova and that the allegation was made up. This was recorded on audiotape.

19. Nevertheless to this day when the news reports on the issue of students having sex with

teachers Mr. Cordova's name is brought up on the news, even though he was cleared of all charges.

20. The student is related to Defendant Tamez. Based on information and belief, Defendant Tamez encouraged the student to make the false allegation. Mr. De Los Rios and Ms. Tamez are very good friends, or at least they were at the time this all took place.

21. The Chief of Police of the City of Donna, in contrast to Mr. Padilla, stated that Mr. Cordova never should have been arrested and that the allegations did not pass the smell test. Mr. Padilla pressed forward with the arrest anyway in order to extract revenge on Mr. Cordova's father and his father-in-law. Mr. Cordova's father-in-law was the one who terminated Mr. Padilla's employment before Defendants Sandoval and De Los Rios brought him back on.

22. Defendant Elpidio Yanez, Jr. told Plaintiff's father, Norman Cordova, that he knew that Albert Sandoval and David De Los Rios we're behind all that happened. Carlo Cordova asked Defendant Yanez, why have you not reported this information, and Defendant Yanez did not respond. Defendant Yanez voted to terminate Plaintiff's employment.

23. Defendant Eloy Infante told the media "where there's smoke there's fire" referring to Plaintiff getting arrested. Defendant Infante voted to terminate Plaintiff's employment.

24. As a result of all of this Mr. Cordova cannot get another job as a teacher and has had his reputation ruined. The actions of Defendants in this matter are egregious and malicious violations of the law.

25. Padilla with the assistance of all the other Defendants, and others unknown at this time to the Plaintiff conspired in order to have Plaintiff, Carlo Cordova, falsely arrested, without probable cause, and falsely imprisoned Plaintiff.

26. The Defendants' actions were under the color of law.

27. The Defendants' actions were reckless and callously indifferent to Plaintiff's federally protected rights.

28. The use of the investigative power of the Donna ISD police force against Plaintiff was the result of a policy, practice and custom of the Donna ISD to inadequately supervise and discipline law enforcement officers who exceeded their authority, including falsely arresting individuals, falsely accusing individuals without probable cause and making false allegations in arrest and search affidavits.

29. The inadequate supervision and discipline of police officers by the Donna ISD has led to the unnecessary and illegal arrest, including the arrest of Plaintiff. The false arrest of the former superintendent Dr. Jesus Rene Reyna and the false arrest of Ernesto Lugo.

30. The policy, practice and custom of the Donna ISD is that when police officers falsely accuse and swear out false complaints and falsely arrest individuals there are no repercussions. As a result of these illegal actions, there is no reprimand, discipline or corrective action of the officers for their actions, thereby condoning their actions by their employer, in violation of the federally protected rights of individuals under the First, Fourth, Fifth and Fourteenth amendments to the Constitution of the United States of America, such as the Plaintiff.

31. The above policies and practices have resulted in culture of "silence" within the Donna ISD police department and police officers reasonable conclude that their use of their authority in an unlawful manner will not result in discipline, termination, or criminal prosecution against them.

32. There is a history of false arrests by the Donna ISD police department including that of the

Plaintiff, that of Dr. Jesus Rene Reyna and Ernesto Lugo.

33. The actions by the Defendants were authorized by the Donna ISD Board of Trustees if not explicitly then implicitly. No action was ever taken by the employer to correct the actions taken by the Defendants. No reprimands were ever issued to the individual Defendants, nor was there ever any action to illuminate their defective interpretation of the Texas Penal code.

34. The actions taken by the individual Defendants and either explicitly or implicitly approved by the majority of the board of trustees in Violation Texas Penal Code sections 39.02 abuse of official capacity, 30.03 official oppression and violation of section 37.02 perjury.

35. The Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30.

36. The Defendants' actions constituted an unlawful deprivation of Plaintiff's liberty without due process of law in violation of the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

37. As a result of the above-alleged illegal acts, Plaintiff has suffered emotional pain, suffering, and inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

38. As alleged in detail in the facts portion of this petition, Plaintiff, Carlo Cordova's arrest was illegal, unlawful and constituted a violation of his rights under 42 USC 1983.

39. As alleged in detail in the facts portion of this petition, Plaintiff, Carlo Cordova's arrest was without probable cause.

40. As alleged in detail in the facts portion of this petition, Defendants, including Defendant Tamez, conspired with others to commit the false arrest of Plaintiff. Defendant Tamez conspired with the other Defendants and is liable under the common law doctrine of civil

conspiracy.

41. The actions by the Defendants constitute criminal conduct pursuant to Texas Penal Code §39.03, Official Oppression, §37.02 abuse of official capacity and §37.02 perjury.

42. The Donna ISD was negligent in failing to properly train the Defendants, except Defendant Tamez, in proper police investigation and procedures.

43. The Donna ISD was negligent in employing the Defendants, except Defendant Tamez.

44. Pleading in the alternative, Defendants violated Plaintiff's First Amendment rights by retaliating against him for political reasons. In addition, Defendant De Los Rios has slandered Plaintiff continuously since the wrongful arrest.

45. As a result of the actions of the Defendants Plaintiff, Carlo Cordova has suffered actual and compensatory damages.

## JURY TRIAL REQUESTED

41. Plaintiff, Carlo Cordova, requests a trial by jury.

42. WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against all Defendants and Defendant Donna Independent School District and award Plaintiff the following:

   a. Compensatory damages arising from the physical and emotional injury, pain suffering, loss of reputation and humiliation Plaintiff suffered as a result of defendants misconduct;

   b. Punitive damages as allowed by law;

   c. Prejudgment interest as allowed by law;

   d. Post-judgment interest as allowed by law;

e. Attorneys' fees;

f. Court costs; and

g. Such other legal and equitable relief ultimately justified by the proof in this case.

        Respectfully submitted,

        THE MELTON LAW FIRM, P.L.L.C.
        2705 Bee Cave Road, Suite 220
        Austin, Texas 78746
        (512) 330-0017 Telephone
        (512) 330-0067 Facsimile

        */s/ John F. Melton*
        John F. Melton
        jmelton@jfmeltonlaw.com
        State Bar No. 24013155
        ATTORNEYS FOR PLAINTIFF