IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARLO CORDOVA<br>　　Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 7:17-CV-14<br>(JURY REQUESTED) |
| ROY PADILLA, Individually & In His Representative Capacity as Chief of Police for the DONNA INDEPENDENT SCHOOL DISTRICT, ELOY INFANTE, Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, ELPIDIO YANEZ, JR., Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, ALBERTO SANDOVAL, Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, DAVID DE LOS RIOS, Individually & in his Representative Capacity as a Board Member for the DONNA INDEPENDENT SCHOOL DISTRICT, ALICIA TAMEZ, the DONNA INDEPENDENT SCHOOL DISTRICT, And all Unknown Co-Conspirators<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**DEFENDANTS' DONNA INDEPENDENT SCHOOL DISTRICT, ROY PADILLA, ELOY INFANTE, ELPIDIO YANEZ, JR., ALBERTO SANDOVAL, AND DAVID DE LOS RIOS ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT SUBJECT TO PARTIAL MOTIONS TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

　　COME NOW, DONNA INDEPENDENT SCHOOL DISTRICT, ROY PADILLA, ELOY INFANTE, ELPIDIO YANEZ, JR., ALBERTO SANDOVAL AND DAVID DE LOS RIOS, Defendants in the above-styled and numbered cause, and file this their Answer to Plaintiff's Complaint Subject to their Partial 12(b)(6) Motions to Dismiss and would respectfully show the

Court the following:

**I.**

**DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
SUBJECT TO MOTIONS TO DISMISS**

1. Defendants deny the allegations in paragraph 1 of Plaintiff's Original Complaint.

2. Defendants deny the allegations in paragraph 2 of Plaintiff's Original Complaint.

3. Defendants admit the allegations in paragraph 3 of Plaintiff's Original Complaint.

4. Defendants admit the allegations in paragraph 4 of Plaintiff's Original Complaint.

5. Defendants admit the allegations in paragraph 5 of Plaintiff's Original Complaint.

6. Defendants admit the allegations in paragraph 6 of Plaintiff's Original Complaint.

7. Defendants admit the allegations in paragraph 7 of Plaintiff's Original Complaint.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Original Complaint.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Original Complaint.

10. Defendants admit the allegations in paragraph 10 of Plaintiff's Original Complaint.

11. Defendants admit the allegations in paragraph 11 of Plaintiff's Original Complaint.

12. Defendants are unable to admit or deny the allegations in paragraph 12 of Plaintiff's Original Complaint.

13. Defendants deny the allegations in paragraph 13 of Plaintiff's Original Complaint.

14. Defendants deny the allegations in paragraph 14 of Plaintiff's Original Complaint.

15. Defendants admit that Plaintiff was arrested. Defendants deny the remaining allegations in paragraph 15 of Plaintiff's Original Complaint.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's Original Complaint.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's Original Complaint.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's Original Complaint.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's Original Complaint.

20. Defendants admit that the student is related to Defendant Tamez. Defendants deny the remaining allegations in paragraph 20 of Plaintiff's Original Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's Original Complaint.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's Original Complaint.

23. Defendants lack knowledge or information sufficient to form a belief about the allegations in paragraph 23 of plaintiff's Original Complaint at this time.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's Original Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's Original Complaint.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's Original Complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Original Complaint.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's Original Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Original Complaint.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's Original Complaint.

31. Defendants deny the allegations in paragraph 31 of Plaintiff's Original Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Original Complaint.

33. Defendants cannot admit or deny the allegations contained in paragraph 33 of Plaintiff's Original Complaint because they are overbroad and global.

34. Defendants deny any alleged violations of the Texas Penal Code as alleged in paragraph 34. Defendants cannot admit or deny the remaining allegations contained in paragraph 34 of Plaintiff's Original Complaint because they are overbroad and global.

35. Defendants deny the allegations contained in paragraph 35 of Plaintiff's Original Complaint.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Original Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Original Complaint.

38. Defendants deny the allegations contained in paragraph 38 of Plaintiff's Original Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Original Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Original Complaint.

41. Defendants deny the allegations contained in paragraph 41 of Plaintiff's Original Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's Original Complaint.

43. Defendants deny the allegations contained in paragraph 43 of Plaintiff's Original Complaint.

44. Defendants deny the allegations contained in paragraph 44 of Plaintiff's Original Complaint.

45. Defendants deny the allegations contained in paragraph 45 of Plaintiff's Original Complaint.

46. Defendants deny Plaintiff is entitled to the relief requested in paragraph 42 (sic) following JURY TRIAL REQUESTED in Plaintiff's Original Complaint.

## II.
## AFFIRMATIVE DEFENSES

47. Defendant Donna Independent School District asserts that it is entitled to sovereign immunity from the claims raised by Plaintiff and that such immunity has not been waived.

48. Defendants assert that in the event they are found to be a prevailing party(ies), they are entitled to reasonable attorney's fees and costs at the discretion of the court.

49. Defendant Donna Independent School District and Defendants Padilla, Infante, Yanez, Jr., Sandoval and De Los Rios in their official capacities assert that they are entitled to sovereign immunity from the claims raised by Plaintiff and that such immunity has not been waived.

50. Defendants Infante, Yanez, Jr., Sandoval and De Los Rios invoke the doctrine of qualified immunity and assert that they are immune from plaintiff's claims. Defendants Infante, Yanez, Jr., Sandoval and De Los Rios specifically assert that all actions related to this litigation were done within the scope of their authority as Trustees for the Donna Independent School District. Each Defendant specifically

asserts that they acted in an objectionably reasonable manner with all actions taken related to this lawsuit. Each Defendant specifically asserts that they were not personally involved in any deprivation of Plaintiff's constitutional rights. Each Defendant asserts that they did not knowingly violate any law. Each Defendant asserts that the facts alleged by Plaintiff do not establish a violation of a clearly established right.

51. Defendant Padilla invokes the doctrine of qualified immunity and asserts that he is immune from plaintiff's claims. Defendant Padilla specifically asserts that all actions related to this litigation were done within the scope of his authority as an employee of the Donna Independent School District. Defendant Padilla specifically asserts that he acted in an objectionably reasonable manner with all actions taken related to this lawsuit. Defendant Padilla specifically asserts that he was not personally involved in any deprivation of Plaintiff's constitutional rights. Defendant Padilla asserts that he did not knowingly violate any law. Defendant Padilla asserts that the facts alleged by Plaintiff do not establish a violation of a clearly established right.

52. Defendants would affirmatively assert that Plaintiff cannot recover in his claims against Defendants because no policy, custom or practice having a causal relation to the alleged conduct complained of by Plaintiff has been adopted or promulgated by Defendants.

53. Defendants would affirmatively assert that Plaintiff cannot recover in his claims against Defendants because he was afforded due process.

54. Defendant De Los Rios asserts that Plaintiff's claim for slander is barred by the applicable statute of limitations.

55. Defendant Donna Independent School District, and Defendants Padilla, Infante, Yanez, Jr., Sandoval and De Los Rios in their official capacities assert that they are immune from Plaintiff's claims for exemplary damages.

56. Defendant Donna Independent School District asserts that it is immune from Plaintiff's claims for civil conspiracy as it is an intentional tort for which no waiver of immunity exists.

## **JURY DEMAND**

57. Defendants respectfully request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants DONNA INDEPENDENT SCHOOL DISTRICT, ROY PADILLA, ELOY INFANTE, ELPIDIO YANEZ, JR., ALBERTO SANDOVAL AND DAVID DE LOS RIOS, pray that Plaintiff take nothing from this suit, that

Defendants recover their courts costs and attorneys fees associated with prosecuting this matter, and that the court grant Defendants such other and further relief to which they may be entitled to, either at law or in equity.

    Signed on February 14, 2017.

    Respectfully submitted,

**ESPARZA & GARZA, L.L.P.**
964 E. Los Ebanos
Brownsville, Texas 78520
Telephone:   (956) 547-7775
Facsimile:   (956) 547-7773


By: /s/ Eduardo G Garza
    Eduardo G Garza
    State Bar No. 00796609
    USDC Adm. No. 20916
    Roman "Dino" Esparza
    State Bar No.  00795337
    USDC Adm. No. 22703


### CERTIFICATE OF SERVICE

    I hereby certify that on February 14, 2017, pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the above and foregoing document was served on each party to this action by Defendant's submission of this document to the U.S. District Court electronically to the DCECF system.

    /s/ Eduardo G Garza
    Eduardo G Garza