IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CARLO CORDOVA, | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| ROY PADILLA, in his Individual Capacity, | § | |
| ELOY INFANTE, in his Individual Capacity | § | CASE NO: 7:17-CV-00014 |
| ELPIDIO YANEZ, Jr., in his Individual Capacity, | § | |
| ALBERTO SANDOVAL, in his Individual Capacity | § | |
| DAVID DE LOS RIOS, in his Individual Capacity, | § | |
| DONNA INDEPENDENT SCHOOL DISTRICT, | § | |
| And all Unknown Co-Conspirators | § | |
|    *Defendants*. | § | |

**PLAINTIFF'S OPPOSED EMERGENCY MOTION TO CONTINUE ISSUANCE OF ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE RICARDO H. HINOJOSA:

COMES NOW, Plaintiff Carlo Cordova, and files this Opposed EMERGENCY Motion for Leave to File Motion to Continue Issuance of Order on Defendants' Motion for Summary Judgment, and would show the Court the following:

**I.  Introduction**

1. This case partially involves Plaintiff's allegations that he was falsely arrested and denied multiple of his constitutional rights due to the actions of Defendants. The Court heard Defendants' Motion for Summary Judgment on January 19, 2018. The Court advised the parties that a ruling on the motion would be issued February 6, 2018 and has set a hearing for that date. Plaintiff requests that the Court continue the issuance of that order until such time as Justice Roberto "Bobby" Contreras can be deposed. Originally Plaintiff's counsel were under the impression that Justice

Contreras would sign an affidavit attesting to the facts that he knows regarding this case such that Plaintiff could have submitted it to the Court prior to its ruling. However, Justice Contreras has advised he is not willing to sign such an affidavit. Justice Contreras did confirm that he would submit to a deposition in this matter, making a delay to obtain that testimony necessary. Plaintiff anticipates that the deposition can be completed in no more than three weeks.

## II.  Argument

2. Justice Contreras is the Justice of the Peace for Precinct 2, Place 1 of Hidalgo County Texas, situated in Pharr, Texas. Justice Contreras signed the arrest warrant at issue in this case.

2.1 Justice Contreras' testimony is necessary prior to the issuance of a ruling on Defendants' motion for summary judgment because Plaintiff believes Justice Contreras will provide evidence that Defendant Padilla, Officer Rodolfo Garza and/or members of the Donna ISD Police Department misled Justice Contreras when they requested that he issue the arrest warrant, resulting in Justice Contreras issuing the warrant, and/or they failed to inform Justice Contreras of key facts regarding their previous efforts to get the warrant issued. Evidence that the issuance of the warrant was based on the provision of false information and/or deliberate omission of information would be information material to Court's determination of Defendants' motion for summary judgment.

2.2 Attached hereto as Exhibit "A" is the Declaration of Norman Z. Cordova, Sr. in which he describes a conversation he had with Justice Contreras on the day the warrant for Plaintiff's arrest was issued. Based on Mr. Cordova's Declaration, Plaintiff anticipates that Justice Contreras will testify that when Donna ISD PD came to him to pursue the warrant he was reluctant to issue it, that he inquired as to why Donna ISD PD was asking him to issue the warrant rather than a Donna

Municipal Judge or a Justice of the Peace closer to Donna ISD PD than him, that he agreed to issue the warrant only after he was told by Donna ISD PD representatives that they had already gone to Donna Municipal Court and other Justices of the Peace and that they had all recused themselves from the case, and that Donna ISD PD told him that the Hidalgo County District Attorney had approved the warrant. Plaintiff needs Justice Contreras' testimony because Plaintiff has acquired evidence that the statements attributed to Donna ISD PD in support of their arrest complaint were false. Attached hereto as Exhibit "B" is the Declaration of Judge Javier Garza, a City of Donna Municipal Court Judge. In it he states that after he heard that a warrant had been issued for Plaintiff's arrest he personally called Officer Rudy Garza to inquire why Donna ISD PD did not bring the request to him since Donna ISD was in his jurisdiction. He states that Officer Garza told Judge Garza that Donna ISD PD knew he would not sign the warrant and that Defendant and Donna ISD PD Chief Roy Padilla had instructed Officer Garza to take the request to Justice Contreras rather than Judge Garza or the other two Justices of the Peace Closer to the Donna ISD police station because he thought they could convince Justice Contreras to issue the warrant. Judge Garza also states that he would not have issued the warrant based on the information provided by Donna ISD PD and that, in his opinion, Donna ISD PD avoided his court because they knew that he would not issue the warrant. 2.3   Judge Garza's Declaration raises a serious question as to whether Donna ISD gave Justice Contreras false information in their pursuit of the warrant for Plaintiff's arrest. Judge Garza's Declaration also makes clear that he was not approached regarding the arrest warrant and that he never recused himself from the case. Yet, that is exactly what Donna ISD is purported to have told Justice Contreras. The only way for Plaintiff to determine the truth about what was said to Judge Contreras is through Justice Contreras' testimony.

2.4 Whether or not Donna ISD PD told falsehoods or deliberately omitted information in order to induce Justice Contreras to issue the warrant, and the specifics behind those falsehoods and omissions, are critical pieces information the Court must have prior to making a ruling on Defendants' motion for summary judgment. The only way Plaintiff has to investigate and establish that Justice Contreras' actions in issuing the arrest warrant were based on falsehoods or deliberate omissions is to obtain his deposition testimony on record. Therefore, Plaintiff requests that the Court continue its summary judgment ruling to allow Plaintiff time to obtain such testimony.

2.5 The request for continuance Plaintiff seeks leave for is not sought for delay only, but so that justice may be done.

### III. Prayer

3. Wherefore, premises considered, Plaintiff respectfully requests that the Court grant its Motion to Continue Issuance of Order on Defendants' Motion for Summary Judgment.

    Respectfully submitted,

    THE MELTON LAW FIRM, P.L.L.C.
    2705 Bee Cave Road, Suite 220
    Austin, Texas 78746
    Telephone: 512/330-0017
    Facsimile: 512/330-0067

    */s/ John F. Melton*
    John F. Melton
    State Bar No.: 24013155
    Jmelton@jfmeltonlaw.com

    THE FERRARO LAW FIRM
    1504 West Avenue
    Austin, Texas 78701
    Telephone: 512/474-7742
    Facsimile: 512/474-8106
    Ferrarolaw.@mac.com

    */s/ Peter E. Ferraro*
Peter E. Ferraro
State Bar No. 06934600
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 1, 2018, a true and correct copy of the above and foregoing document was served *via* the Court's CM/ECF electronic service to:

*Via email:* Eddie@esparzagarza.com
*Via email:* dino@esparzagarza.com
Eduardo G. Garza
Roman "Dino" Esparza
Esparza & Garza, LLP
964 E. Los Ebanos
Brownsville, Texas 78520

    */s/ John F. Melton*
John F. Melton

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has conferred with Defendants' counsel regarding this motion and that Defendants' counsel is opposed.

    */s/ John F. Melton*
John F. Melton

# Exhibit A

# **DECLARATION OF NORMAN Z. CORDOVA, SR.**

"My name is Norman Z. Cordova, Sr. I am over the age of 21 and am competent to testify.

The following facts are based on my personal knowledge and are true and correct.

1. I am the grandfather of Carlo Cordova. On or about the same day that Justice of the Peace Judge Bobby Contreras issued the arrest warrant for my grandson he called me.

2. Judge Bobby Contreras stated the following: "I signed it but I didn't really want to. DISD Police pestered me to get it done. DISD Police told me that they had gone to all the other JPs and Municipal Court Judges in Donna, Texas." When I asked them why didn't they take thus to the people in Donna they told me "We have taken it and they all recused themselves."

3. Judge Bobby Contreras also told me that "Rodolfo 'Rudy' Garza had told him that the District Attorney had already approved the warrant."

I declare under penalty of perjury under the laws of the United States and the State of Texas that the forgoing is true and correct."

_____
Norman Z. Cordova, Sr.

# Exhibit B

## DECLARATION OF JAVIER GARZA

My name is Javier Garza. I am over 21 years of age and am competent to testify. The following facts are based on my personal knowledge and are true and correct.

1. On or about January 16, 2015, I heard that an arrest warrant was issued for Carlo Cordova, a teacher at Donna High School and the son in law of Dr.Rene Reyna, who was the Superintendent of Donna ISD.

2. I was and still am the Municipal Judge for the city of Donna. The Donna Independent School District was located within my jurisdiction.

3. I called Rudy Garza one of the police officers at Donna ISD to ask him why they did not bring that warrant to me. He told me that "they knew I would not sign it."

4. There is one municipal judge and two Justices of the peace within one to three miles of the Donna ISD police station, myself, Gilbert Saenz and Jessie Morales, all capable of issuing an arrest warrant

5. Rudy Garza told me that Roy Padilla, the chief of the Donna ISD police department had directed him to go to Bobby Contreras. He told me that he knew Judge Contreras for a very long time and that Judge Contreras was a close friend of Rudy Garza's dad. He told me they believed they could get him to sign it and Padilla wanted it signed.

6. Judge Contreras' office is in Pharr approximately 10 to 12 miles from Donna.

7. At that time, I was aware of retaliation efforts against political opponents of Albert Sandoval who had been elected school board president and who had rehired Roy

Padilla. Padilla had been fired during the previous administration at the urging of Dr. Rene Reyna.

1. My full knowledge of the political realities at work in connection with the Donna I S D would have caused me to carefully scrutinize the evidence and question the probable cause assertions.

2. Based on my conversation with Officer Garza and knowledge of the political workings of the newly elected school board at that time, it is my opinion that Donna ISD police, including Chief Roy Padilla, did not bring it to me or the other area judicial offices because they knew that, after review of their alleged probably cause, the warrant would not have been issued.

I declare under penalty of perjury under the laws of the United States and the State of Texas that the foregoing is true and correct.

_____

Javier Garza